UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

| | |
|---|---|
| In re: | Chapter 7 |
| Peter Malliaras and Georgia Malliaras, | Case No. 10-41460 |
| Debtors. / | Hon. Phillip J. Shefferly |
| K. Jin Lim, Trustee, | Adversary Proceeding No. 10-06919-PJS |
| Plaintiff, | |
| v. | |
| Gus Anton and Zoel Anton, | |
| Defendants. / | |

**OPINION GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

The Plaintiff in this adversary proceeding is the Chapter 7 Trustee. The Trustee filed this adversary proceeding under § 544 of the Bankruptcy Code to obtain a judgment avoiding a transfer of a boat by the Debtors to the Defendants and for turnover of the boat. For the reasons explained in this opinion, the Court grants the Plaintiff's motion for summary judgment.

**JURISDICTION**

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (E), over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a).

## FACTS

The following facts are not in dispute. On October 17, 2002, Georgia Malliaras purchased from Jay and Susan Pollack a 2001 Sealine 42.3 foot motorboat ("Boat"). Georgia Malliaras documented her ownership of the Boat with the United States of America, Department of Homeland Security, United States Coast Guard ("Coast Guard"). The Certificate of Documentation issued by the Coast Guard on April 29, 2008 (Exhibit "A" to Trustee's complaint) identifies the Boat by describing its year of manufacture, hull material, tonnage, length, breadth, and other information. The Certificate of Documentation identifies Georgia Malliaras as the owner. On August 13, 2008, Georgia Malliaras executed a Bill of Sale evidencing the sale of the Boat by Georgia Malliaras to Gus and Zoel Anton ("Antons"). The Bill of Sale states that the purchase price of $129,930.00 was due to be paid by December 1, 2009. The Bill of Sale also indicates that the Boat shall be in "ready to launch condition" for the spring 2010 season. The Antons paid the purchase price by means of several installment payments, the last of which was made on July 9, 2009. On that date, on the reverse side of the Certificate of Documentation for the Boat, a notation was made that the Boat was sold by Georgia Malliaras to the Antons, but the line for the signature of the seller is left blank. Oddly, although there is no signature by the seller of the Boat on the reverse side of the Certificate of Documentation, there is an acknowledgment of signature notarized by Judy Franz on July 9, 2009.

On January 2, 2010, Georgia Malliaras and her husband, Peter, filed a joint Chapter 7 petition. Although Georgia Malliaras had sold the Boat to the Antons pursuant to the Bill of Sale made on August 13, 2008, and the purchase price was paid in full by July 9, 2009, the Bill of Sale had not yet been filed with the Coast Guard when Georgia Malliaras filed bankruptcy. As of the date of the Chapter 7 petition, the documentation on file with the Coast Guard still showed Georgia

Malliaras as the owner of the Boat. On February 2, 2010, after the bankruptcy petition was filed, the Antons filed the Bill of Sale with the Coast Guard. An Abstract of Title of the Coast Guard records (Exhibit "C" to Trustee's brief in support of motion for summary judgment) reflects that as of February 2, 2010, the Boat is owned by the Antons pursuant to a transfer made on July 9, 2009.

On October 5, 2010, the Trustee filed a complaint against the Antons, alleging that because the Coast Guard records showed Georgia Malliaras as the owner of the Boat on the date the Chapter 7 petition was filed, the purported transfer of the Boat by Georgia Malliaras to the Antons pursuant to the Bill of Sale is avoidable under § 544 of the Bankruptcy Code, and therefore the Boat is property of the bankruptcy estate. On April 5, 2011, the Trustee moved for summary judgment. On April 14, 2011, the Antons filed a response. On April 28, 2011, the Trustee filed a reply to the Antons' response. On May 13, 2011, the Court heard the motion for summary judgment. Following the hearing, the Court entered an order permitting the Trustee and the Antons to each file a supplemental brief, provided that they did so by June 13, 2011. The Trustee filed a supplemental brief. The Antons did not.

The Trustee argues that the transfer of the Boat by Georgia Malliaras to the Antons is avoidable under § 544(a)(1) of the Bankruptcy Code because of a federal statute, historically known as the "Ship Mortgage Act," that requires the Bill of Sale transferring the Boat to be filed with the Coast Guard. Because the Bill of Sale was not filed with the Coast Guard prior to the date of the Chapter 7 petition, the Trustee argues that the transfer of the Boat is avoidable. The Antons argue that the Ship Mortgage Act is not applicable to the transfer of the Boat by Georgia Malliaras to them. Further, the Antons argue that because they have now filed the documentation with the Coast

Guard evidencing the transfer of the Boat to them, neither the Ship Mortgage Act nor § 544(a)(1) of the Bankruptcy Code permit the Trustee to avoid the transfer of the Boat to them.

### STANDARD FOR SUMMARY JUDGMENT

Fed. R. Civ. P. 56 for summary judgment is incorporated into Fed. R. Bankr. P. 7056. Summary judgment is only appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Id. at 247-48. A "genuine" issue is present "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Berryman v. Rieger, 150 F.3d 561, 566 (6th Cir. 1998) (quoting Anderson, 477 U.S. at 248).

"The initial burden is on the moving party to demonstrate that an essential element of the non-moving party's case is lacking." Kalamazoo River Study Group v. Rockwell International Corp., 171 F.3d 1065, 1068 (6th Cir. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). "The burden then shifts to the non-moving party to come forward with specific facts, supported by evidence in the record, upon which a reasonable jury could return a verdict for the non-moving party." Id. (citing Anderson, 477 U.S. at 248). "The non-moving party, however, must provide more than mere allegations or denials . . . without giving any significant probative evidence to support" its position. Berryman v. Rieger, 150 F.3d at 566 (citing Anderson, 447 U.S. at 256).

### DISCUSSION

Section 544(a)(1) of the Bankruptcy Code provides:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may

-4-

avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists[.]

"The 'strong arm' clause of the Bankruptcy Code, 11 U.S.C. § 544(a), grants a bankruptcy trustee the power to avoid transfers of property that would be avoidable by certain hypothetical parties." Simon v. Chase Manhattan Bank (In re Zaptocky), 250 F.3d 1020, 1023 (6th Cir. 2001). This section "allows the trustee to 'step into the shoes' of a creditor in order to nullify transfers voidable under state [law] for the benefit of all creditors." Corzin v. Fordu (In re Fordu), 201 F.3d 693, 697 n.3 (6th Cir. 1999) (quotation marks and citation omitted). Under § 544(a)(1), "the trustee by law acquires all the rights under state law of a hypothetical creditor with a lien on all the property of the debtor . . . ." LSA Leasing Corp. v. Phipps Constr. Co., 972 F.2d 347 (Table), 1992 WL 172131, at *3 (6th Cir. July 22, 1992). The body of law that provides the rights of a hypothetical lien creditor that a trustee may exercise under § 544(a)(1) is not necessarily limited to state law but may include federal non-bankruptcy law. See Velikopoljski v. Florida National Bank (In re Velikopoljski), 54 B.R. 534, 538-39 (Bankr. S.D. Fla. 1985) (rejecting the defendant's argument that only state law applies and finding that the use of "state law" by courts is simply a shorthand reference to non-bankruptcy law, be it state, federal or otherwise).

In this case, the Trustee argues that because the Antons did not file the Bill of Sale with the Coast Guard until February 2, 2010, after the bankruptcy case was commenced, then the Trustee, as a hypothetical judgment lien creditor under § 544(a)(1) of the Bankruptcy Code, can avoid the transfer of the Boat by Georgia Malliaras to the Antons. The Trustee bases her argument on § 31321

-5-

of the Maritime Commercial Instruments and Liens, Vessel Identification System Act at 46 U.S.C. §§ 31310-31343 ("Maritime Lien Act"). The Maritime Lien Act is the successor to the Ship Mortgage Act, which "was enacted in 1920 to improve lienholders' security and encourage investment in the shipping industry." Associated Metals and Minerals Corp. v. Alexander's Unity MV, 41 F.3d 1007, 1011 (5th Cir. 1995) (citation omitted). An even earlier version "was passed to furnish information as to title and to protect bona fide purchasers." James Stewart & Co. v. Rivara, 274 U.S. 614, 618 (1927) (citation omitted).

In asserting the rights of a hypothetical lien creditor under § 544(a)(1) of the Bankruptcy Code, the Trustee relies specifically on § 31321(a) of the Maritime Lien Act. It provides as follows:

> (a)(1) A bill of sale, conveyance, mortgage, assignment, or related instrument, whenever made, that includes any part of a documented vessel[1] or a vessel for which an application for documentation is filed, must be filed with the Secretary[2] to be valid, to the extent the vessel is involved, against any person except–
>
>    (A) the grantor, mortgagor, or assignor;
>
>    (B) the heir or devisee of the grantor, mortgagor, or assignor; and
>
>    (C) a person having actual notice of the sale, conveyance, mortgage, assignment, or related instrument.
>
> (2) Each bill of sale, conveyance, mortgage, assignment, or related instrument that is filed in substantial compliance with this section is valid against any person from the time it is filed with the Secretary.

---

[1] "Documented vessel means a vessel which is the subject of a valid Certificate of Documentation." 46 C.F.R. § 67.3.

[2] "Secretary" for purposes of the Maritime Lien Act is defined under 46 U.S.C. § 31301(7) as "mean[ing] the Secretary of the Department of Homeland Security, unless otherwise noted."

10-06919-pjs    Doc 28    Filed 06/29/11    Entered 06/29/11 17:01:35    Page 6 of 11

According to the Trustee, because the Boat is a documented vessel under the Maritime Lien Act, the Bill of Sale made by Georgia Malliaras in favor of the Antons on July 9, 2009 was not valid against judgment lien creditors of Georgia Malliaras as of the commencement of her bankruptcy case, because it had not been filed with the Coast Guard.[3] The Antons acknowledge that the Boat is a documented vessel with the Coast Guard, and they concede that they did not file the Bill of Sale with the Coast Guard until February 2, 2010, after Georgia Malliaras filed her bankruptcy case. The key issue, then, is whether a judgment lien creditor of Georgia Malliaras prevails under the Maritime Lien Act against the holder of an unrecorded Bill of Sale for the Boat.

The First Circuit Court of Appeals dealt with this very issue in <u>Mullane v. Chambers</u>, 333 F.3d 322 (1st Cir. 2003). In that case, David Mullane and his wife purchased a vessel on July 2, 1998 from David and Angela Murphy, but failed to file the bill of sale with the Coast Guard until September 2, 1998. <u>Id.</u> at 325. In the meantime, Adele Chambers, a creditor of the Murphys, levied on the vessel to satisfy an outstanding writ of execution with respect to a judgment that she held against the Murphys. <u>Id.</u> at 325-26. On August 28, 1998, the vessel was seized to satisfy the writ of execution. The Mullanes filed suit to regain the vessel and for other relief. The district court ruled in favor of the Mullanes, and held that the Mullanes' unrecorded bill of sale was valid against Chambers, the judgment creditor of the Murphys. <u>Id.</u> at 327. The First Circuit Court of Appeals reversed that decision, based upon the application of § 31321 of the Maritime Lien Act.

---

[3] 46 C.F.R. § 67.141 requires the owner of a vessel to apply for a Certificate of Documentation from the National Vessel Documentation Center. That entity is defined under 46 C.F.R. § 67.3 as the "organizational unit designated by the Commandant [of the United States Coast Guard] to process vessel documentation transactions and maintain vessel documentation records." Section § 67.75 sets forth the requirements for a transfer by sale, including a bill of sale that meets the criteria for filing and recording.

10-06919-pjs   Doc 28    Filed 06/29/11    Entered 06/29/11 17:01:35    Page 7 of 11

The Mullane court framed the "central issue of the case" as being "whether the recording statute relating to federally documented vessels, 46 U.S.C. § 31321, renders an unrecorded bill of sale or conveyance invalid as against a seller's judgment creditors who levy the vessel without notice." Id. at 329-30. The court noted the plain language of § 31321 of the Maritime Lien Act that states that a bill of sale "must be filed" in order to be valid "against any person" with only three specific exceptions. Observing that a judgment creditor is not one of the three specific exceptions, the court applied the statute as written.

> Despite the unambiguous language of the statute, the Mullanes essentially ask that we rewrite it to read, "against any person excluding judgment creditors." . . . In fact, as we demonstrate below, Congress has excluded judgment creditors from the protections of other recording statutes. Here, we are faced with plain and unambiguous language that extends the protections of the recording statute to "any person," and like other courts that have considered the issue, we find no extraordinary circumstances sufficient to require us to look beyond its plain meaning.

Id. at 330.

The Mullane court then held "that the Mullanes' unrecorded bill of sale is invalid against" the judgment creditor Chambers, unless Chambers could be shown to be within one of the three specific exceptions to the "any person" language in § 31321(a)(1) of the Maritime Lien Act. Id. The Mullane court recognized that this recording statute might "prove to be a harsh reality for purchasers like the Mullanes," but pointed out that "the Mullanes had a means to protect their interests" by simply filing their bill of sale with the Coast Guard pursuant to subsection 31321(a)(1). Id. at 333 n.9. The Mullane court concluded its analysis as follows:

> There is nothing ambiguous about the term "any person." Congress chose the broadest possible term to describe the third parties it intended to protect, and did not qualify the term in any way. The statute as written thus extends protection to any creditors, including judgment creditors like Chambers [ ], who rely upon the record title of the vessel.

10-06919-pjs    Doc 28    Filed 06/29/11    Entered 06/29/11 17:01:35    Page 8 of 11

Id. at 331 (collecting cases at the state and federal level holding that "Congress intended to protect any third party, including attachment or judgment creditors, who relies upon the title records").

The Antons cite no authority holding that an unfiled bill of sale is valid against a judgment creditor under the Maritime Lien Act. Instead, the Antons argue that there is a state law in Michigan that also permits the filing of a bill of sale for a boat in Michigan. Specifically, Mich. Comp. Laws Ann. § 324.80301 of the Watercraft Transfer and Certificate of Title Act permits a watercraft to be registered in Michigan. As a consequence, the Antons argue that the section of the Maritime Lien Act, § 31321, that renders an unfiled bill of sale invalid, does not apply to the Boat in this case.

There are two insurmountable problems with the Antons' argument. First, the Watercraft Transfer and Certificate of Title Act in Michigan specifically states, at Mich. Comp. Laws Ann. § 324.80302(1)(e), that the Act does not apply to "[w]atercraft documented by an agency of the United States government." The Antons admit in their brief in opposition to the Trustee's motion that, "[r]ather than registering ownership through the Secretary of State of the State of Michigan, Georgia Malliaras elected to have her ownership registered through the United States Department of Transportation, United States Coast Guard." This admission is important because once documented with the Coast Guard, a vessel may be removed from documentation only upon written request of the vessel owner, and delivery of the Certificate of Documentation to the Coast Guard. 46 C.F.R. § 67.171(a)(4), (b). The Antons have provided no evidence that the Boat was removed from documentation. To the contrary, the second page of the Bill of Sale states as an additional term that "Documentation [is to be] completed for spring 2010 season," leading to the inference that the Antons intended that the Boat would continue to be a documented vessel. Nor have the Antons provided any evidence to counter the Trustee's evidence consisting of the

10-06919-pjs    Doc 28    Filed 06/29/11    Entered 06/29/11 17:01:35    Page 9 of 11

Certificate of Documentation and the Abstract of Title from the Coast Guard showing that the Boat was a watercraft documented by an agency of the United States government, that would create a genuine issue of material fact concerning whether this was a documented vessel. As the nonmoving parties, the Antons "must present affirmative evidence to defeat a properly supported motion for summary judgment." Cox v. Kentucky Dept. of Transportation, 53 F.3d 146, 150 (6th Cir. 1995) (quotation marks and citation omitted). There is no genuine issue of fact. The Boat is a documented vessel, and therefore is expressly excluded from registration under the Michigan Watercraft Transfer and Certificate of Title Act.

Second, even if the Michigan Watercraft Transfer and Certificate of Title Act did apply, the Antons have not produced any evidence that they ever complied with this Act, such as by obtaining a certificate of title for the Boat registered with the State of Michigan. Instead, what they have quite simply is a Bill of Sale for a documented vessel that they failed to file with the Coast Guard before the date that Georgia Malliaras filed her Chapter 7 petition.

The Antons cite one other case in support of their opposition to the Trustee's motion for summary judgment, Blue Ridge Recreation, Inc. v. Dean (In re Dean), 55 B.R. 332 (Bankr. W.D. Va. 1985). But this case also does not help the Antons. The bankruptcy court in Dean applied the Virginia Uniform Commercial Code to the vessel in question in that case. However, the court did so only after first finding that the vessel in that case was not a documented vessel with the United States government. Id. at 335. In this case, the Antons admit that the Boat was documented with the Coast Guard. Therefore, the Dean case is factually distinguishable and does not help the Antons.

As noted in the Mullane case, it is a harsh result when a judgment lien creditor of a seller of a boat prevails over the purchaser of that boat who holds only an unfiled bill of sale for the boat. But the party that is best able, indeed the only party who is at all able, to avoid this result is the purchaser. The result can be avoided simply by filing the bill of sale. The Antons did not do so in this case. In the meanwhile, the seller, Georgia Malliaras, filed bankruptcy. The fact that the Antons subsequently filed the Bill of Sale with the Coast Guard on February 2, 2010 does not rescue them because that post-petition filing does not alter the rights of the parties as of the moment in time when the bankruptcy petition was filed on January 20, 2010. Section 544(a)(1) of the Bankruptcy Code confers on the Trustee the rights of a hypothetical lien creditor as of the commencement of the case. Here, under 46 U.S.C. § 31321(a)(1), a judgment lien creditor prevails over the holder of an unfiled bill of sale of a boat. The Maritime Lien Act is clear: unless the bill of sale is filed, it is not valid against any person. That includes a judgment lien creditor.

For these reasons, the Court concludes that the Trustee's motion for summary judgment must be granted. The Court will enter a separate order consistent with this opinion.

.

**Signed on June 29, 2011**

       **/s/ Phillip J. Shefferly**
       **Phillip J. Shefferly**
       **United States Bankruptcy Judge**